FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2008 JAN -4 P 3: 40

U.S. DISTRICT COURT
BRIDGEPORT, CONN

ELIZABETH SHEEHAN

       Plaintiff

V.

GC SERVICES LIMITED PARTNERSHIP-
DELAWARE

       Defendant

CIVIL ACTION NO. _____

308CV16 ▮▮▮

January 4, 2008

## **NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. 1331, 1441 and 1446, the defendant GC SERVICES LIMITED PARTNERSHIP- DELWARE ("Defendant GC Services"), through its undersigned counsel, Zeldes, Needle & Cooper, P.C., hereby gives notice of removal of this case to this Court from the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut, in which this action is now pending. The Defendant GC Services appears solely for the purpose of removal and for no other purpose, reserving all defenses available to it. In support of this notice, Defendant GC Services represents as follows:

1.    An action was commenced against the defendants, including Defendant GC Services, in the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut entitled <u>Elizabeth Sheehan v. GC Services Limited</u>

<u>Partnership-Delaware</u>, bearing a return date of January 5, 2008.  A copy of the summons and complaint received by Defendant is attached hereto as Exhibit A.

2.      The complaint is dated December 3, 2007.  The complaint was served upon GC Services on December 6, 2007.  Removal of this action is therefore timely under 28 U.S.C. § 1446(b).  To the best of Defendant GC Services knowledge, there have been no other motions or papers filed with the Superior Court.

3.      In the complaint in the above-described action, Plaintiff has claimed that Defendant GC Services violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

4.      This case is removable pursuant to 28 U.S.C. § 1441(a) and (b), since the Plaintiff's complaint alleges a violation of federal law.

5.      The case is removable pursuant to 28 U.S.C. § 1441(a) and (b) since the United States District Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      As required by 28 U.S.C. § 1446(d), the Defendant GC Services will give notice of the filing of this notice to the Plaintiff and to the clerk of the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut, where the action is now pending.  A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit B.

WHEREFORE, the Defendant GC Services respectfully requests that the above action now pending against it in the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut, be removed therefrom to this Court.

DEFENDANT
GC SERVICES LIMITED PARTNERSHIP-
DELAWARE


By:_____
Jonathan D. Elliot (ct05762)

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel:  (203) 333-9441
Fax: (203) 333-1489
Email:  jelliot@znclaw.com

Its Attorneys

# SUMMONS - CIVIL
**(Except Family Actions)**
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

### STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.state.ct.us

1349 DE

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:

[ ] less than $2,500
[ ] $2,500 through $14,999.99
[✓] $15,000 or more

**("X" if applicable)**
[ ] Claiming other relief in addition to or in lieu of money or damages.

### INSTRUCTIONS
1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| | | |
|---|---|---|
| [✓] JUDICIAL DISTRICT | **AT** (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | **RETURN DATE** (Mo., day, yr.) (Must be a Tuesday) 1/15/08 |
| [ ] HOUSING SESSION   [ ] G.A. NO. | Waterbury | **CASE TYPE** (See JD-CV-1c) |
| ADDRESS OF COURT CLERK  WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350) | | Major M⊞   Minor 90 |
| 300 Grand Street, Waterbury CT 06702 | | **TELEPHONE NO.** (with area code) 203-591-3300 |

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|---|
| **FIRST NAMED PLAINTIFF** | Sheehan, Elizabeth - 1568 Meriden Road, 8-F, Waterbury, CT 06705 | | [ ] Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | | |
| **FIRST NAMED DEFENDANT** | ▮▮▮▮▮▮▮▮▮▮▮▮▮ | | | 02 |
| Additional Defendant | ▮▮▮▮▮▮▮▮ | | | 50 |
| Additional Defendant | | | | 51 |
| Additional Defendant | | | | 52 |
| | | | | 53 |

## NOTICE TO EACH DEFENDANT
1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | [✓] Comm. of Superior Court | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|
| 12/3/07 | | [ ] Assistant Clerk | Daniel S. Blinn |

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NUMBER | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Consumer Law Group, LLC, 35 Cold Spring Rd, Suite 512, Rocky Hill, CT 06067 | 860-571-0408 | 414047 |

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code) | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|
| Thomas Benoit, 35 Cold Spring Rd., Rocky Hill CT 06067 | |

| # PLFS. | # DEFS. | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | [✓] Comm. of Superior Court | |
|---|---|---|---|---|---|
| 1 | 1 | 3 | | [ ] Assistant Clerk | For Court Use Only |

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

FILE DATE

**ATTEST: A TRUE COPY**

BRIAN FRANCIS ZITO
CONNECTICUT
STATE MARSHAL

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | | DATE SIGNED | DOCKET NO. |
|---|---|---|---|---|
| | | | | |

**ORIGINAL**

RETURN DATE: JANUARY 15, 2008      :      **SUPERIOR COURT**

**ELIZABETH SHEEHAN**      :      **JUDICIAL DISTRICT OF WATERBURY**

v.      :

**GC SERVICES LIMITED PARTNERSHIP-**      :
**DELAWARE**

     :      **DECEMBER 3, 2007**

<u>**COMPLAINT**</u>

### FIRST COUNT – FAIR DEBT COLLECTION PRACTICES ACT

1. Plaintiff, Elizabeth Sheehan, is a consumer residing in Waterbury, Connecticut.

2. Defendant, GC Services Limited Partnership - Delaware ("GC"), is a Delaware limited partnership and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

3. On November 12, 2007, GC called Plaintiff in an attempt to collect a debt.

4. Mr. Ford, the GC representative, failed to identify the company he was calling from.

5. Mr. Ford told Plaintiff she had 48 hours to pay the debt or GC would have a marshal serve her with papers at her home or work location.

6. Mr. Ford told Plaintiff she had 48 hours to pay the debt or GC would garnish her entire paycheck.

7. Mr. Ford told Plaintiff this debt would appear on her credit report for twenty years.

8. Mr. Ford told Plaintiff she would be charged over $10,000 for court and attorney's fees.

9. Mr. Ford told Plaintiff this call was her last chance.

10. Plaintiff was so distraught from Mr. Ford's statements she slept for only one hour that night. She consequently did not go to work the following day.

11. When Plaintiff called work to state she would not be in, she was given a verbal warning that her absence would be noted on her record and could lead to her termination.

12. Plaintiff was paid hourly, and as a consequence of missing a day of work, lost a days worth of wages.

13. Plaintiff was so scared, threatened and anxious about Mr. Ford's conversation that she refused to pick up her phone the following day for fear that Mr. Ford could be the caller.

14. Plaintiff was so afraid that a marshal would appear at her place of employment at anytime that she feared returning to work.

15. GC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(10), by grossly exaggerating:

     a. The length of time the debt would be reported on Plaintiff's consumer credit report;

     b. The amount of court and attorney's fees; and,

     c. The amount of Plaintiff's paycheck that would be subject to garnishment.

16. GC violated FDCPA § 1692e(5) by threatening to sue Plaintiff when such action was not lawful as a Consumer Collection Agency may not bring a lawsuit in the state of Connecticut.

17. GC violated FDCPA § 1692e by threatening to have a marshal appear at Plaintiff's home or place of employment in 48 hours.

18. GC violated FDCPA § 1692e(4) by threatening to garnish Plaintiff's wages when such action was not lawful in Connecticut.

19. GC violated FDCPA § 1692e(8) by threatening to report this debt to credit reporting bureaus for the next twenty years.

20. GC violated FDCPA § 1692f(1) by threatening to collect amounts not permitted by law when threatening:

    a.   Court and attorney's fees in excess of $10,000 dollars; and,

    b.   Garnishment of her entire paycheck.

21. GC violated FDCPA § 1692d(6) by failing to meaningfully disclose the callers identity.

22. GC violated FDCPA §1692g(b) by overshadowing Plaintiff's right to dispute the debt within thirty days as GC threatened to have a marshal serve papers in 48 hours.

23. For GC's unfair acts, Plaintiff seeks her damages, statutory damages, and attorney's fees and costs pursuant to the FDCPA.

## SECOND COUNT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-14. Paragraphs 1-14 of the First Count are herein incorporated.

15. GC knew or reasonably should have known that its conduct would likely cause emotional distress to Plaintiff.

16. GC's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

17. GC's actions were willful, wanton and malicious, in that it intended to cause Plaintiff's distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

## THIRD COUNT – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-14. Paragraphs 1-14 of the First Count are herein incorporated.

15. GC violated Connecticut's Unfair Trade Practices Act ("CUTPA") in its attempts to collect the debt as described above.

16. GC's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

17. The Plaintiff has sustained an ascertainable loss as a result of GC's acts. Specifically, Plaintiff lost one days wages of $64 and received a verbal warning from her employer that could result in termination as a result of GC's abusive and unfair conduct.

18. Plaintiff also sustained emotional distress as described above as a result of GC's collection actions.

19. GC is liable to Plaintiff for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff claims:

1. Damages in an amount greater than $15,000;
2. Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k;
3. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;
4. Monetary damages pursuant to Conn. Gen. Stat. §42-110g;
5. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;
6. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and,
7. Such other relief as may apply at law or at equity.

PLAINTIFF, ELIZABETH SHEEHAN

By: _____

Daniel Blinn, Esq.
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067-9997
Tel (860) 571-0408
Fax (860) 571-7457
Juris No. 414047



ATTEST: A TRUE COPY

BRIAN FRANCIS ZITO
CONNECTICUT
STATE MARSHAL

3

ELIZABETH SHEEHAN

      Plaintiff

V.

GC SERVICES LIMITED PARTNERSHIP-DELAWARE

      Defendant

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. _____

January 4, 2008

## <u>NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT, on January 4, 2008, the defendant, GC Services Limited Partnership-Delaware ("Defendant"), through its undersigned counsel, filed in the United States District Court for the District of Connecticut, a Notice of Removal in the above-captioned matter.  With this filing, this action now stands removed from the Superior Court for the Judicial District of Waterbury at Waterbury to the United States District Court for the District of Connecticut.  A copy of the Notice of Removal is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE THAT a copy of the Notice of Removal is being filed with the Clerk of the Superior Court for the Judicial District of Waterbury at Waterbury.

Dated at Bridgeport, Connecticut this _____ day of January, 2008.

THE DEFENDANT,
GC SERVICES LIMITED PARTNERSHIP-
DELAWARE

By:_____
    Jonathan Elliot

    ZELDES, NEEDLE & COOPER, P.C.
    1000 Lafayette Boulevard
    P.O. Box 1740
    Bridgeport, CT 06601-1740
    Tel:  (203) 333-9441
    Fax: (203) 333-1489
    Juris No. 69695
    Email:  jelliot@znclaw.com

Its Attorneys

A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH SHEEHAN

       Plaintiff

V.

GC SERVICES LIMITED PARTNERSHIP-
DELAWARE

       Defendant

                  :      CIVIL ACTION NO. _____

                  :      January 4, 2008

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. 1331, 1441 and 1446, the defendant GC SERVICES LIMITED PARTNERSHIP- DELWARE ("Defendant GC Services"), through its undersigned counsel, Zeldes, Needle & Cooper, P.C., hereby gives notice of removal of this case to this Court from the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut, in which this action is now pending.   The Defendant GC Services appears solely for the purpose of removal and for no other purpose, reserving all defenses available to it.  In support of this notice, Defendant GC Services represents as follows:

1.    An action was commenced against the defendants, including Defendant GC Services, in the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut entitled <u>Elizabeth Sheehan v. GC Services Limited</u>

<u>Partnership-Delaware</u>, bearing a return date of January 5, 2008. A copy of the summons and complaint received by Defendant is attached hereto as Exhibit A.

2.    The complaint is dated December 3, 2007. The complaint was served upon GC Services on December 6, 2007. Removal of this action is therefore timely under 28 U.S.C. § 1446(b). To the best of Defendant GC Services knowledge, there have been no other motions or papers filed with the Superior Court.

3.    In the complaint in the above-described action, Plaintiff has claimed that Defendant GC Services violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

4.    This case is removable pursuant to 28 U.S.C. § 1441(a) and (b), since the Plaintiff's complaint alleges a violation of federal law.

5.    The case is removable pursuant to 28 U.S.C. § 1441(a) and (b) since the United States District Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.    As required by 28 U.S.C. § 1446(d), the Defendant GC Services will give notice of the filing of this notice to the Plaintiff and to the clerk of the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut, where the action is now pending. A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit B.

WHEREFORE, the Defendant GC Services respectfully requests that the above action now pending against it in the Superior Court for the Judicial District of Waterbury at Waterbury, Connecticut, be removed therefrom to this Court.


DEFENDANT
GC SERVICES LIMITED PARTNERSHIP-
DELAWARE


By:_____
        Jonathan D. Elliot (ct05762)

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel:  (203) 333-9441
Fax: (203) 333-1489
Email:  jelliot@znclaw.com

Its Attorneys

3

A

# SUMMONS - CIVIL
**(Except Family Actions)**
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

1349 DE

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [✓] $15,000 or more

("X" if applicable)
- [ ] Claiming other relief in addition to or in lieu of money or damages.

## INSTRUCTIONS

1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| [✓] JUDICIAL DISTRICT | | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) | **RETURN DATE** (Mo., day, yr.) (Must be a Tuesday) 1/15/08 |
|---|---|---|---|
| [ ] HOUSING SESSION | [ ] G.A. NO. | Waterbury | |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
300 Grand Street, Waterbury CT 06702

CASE TYPE (See JD-CV-1c)   Major **M**   Minor 90

TELEPHONE NO. (with area code)
203-591-3300

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) NOTE: Individuals' Names: Last, First, Middle Initial | | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | Sheehan, Elizabeth - 1568 Meriden Road, 8-F, Waterbury, CT 06705 | [ ] Form JD-CV-2 attached | 01 |
| Additional Plaintiff | | | |
| FIRST NAMED DEFENDANT | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | 02 |
| Additional Defendant | ▮▮▮▮▮▮▮▮ | | 50 |
| Additional Defendant | | | 51 |
| Additional Defendant | | | 52 |
| | | | 53 |

## NOTICE TO EACH DEFENDANT

1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE 12/5/07 | SIGNED (Sign and "X" proper box) | [✓] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT Daniel S. Blinn |
|---|---|---|---|

**FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:**

NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)
Consumer Law Group, LLC, 35 Cold Spring Rd, Suite 512, Rocky Hill, CT 06067

| TELEPHONE NUMBER 860-571-0408 | JURIS NO. (If atty. or law firm) 414047 |

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)
Thomas Benoit, 35 Cold Spring Rd., Rocky Hill CT 06067

SIGNATURE OF PLAINTIFF IF PRO SE

| # PLFS. 1 | # DEFS. 1 | # CNTS. 3 | SIGNED (Official taking recognizance; "X" proper box) | [✓] Comm. of Superior Court [ ] Assistant Clerk | FILE DATE |
|---|---|---|---|---|---|

For Court Use Only

**IF THIS SUMMONS IS SIGNED BY A CLERK:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

ATTEST: A TRUE COPY

BRIAN FRANCIS ZITO
CONNECTICUT
STATE MARSHAL

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | | DATE SIGNED | DOCKET NO. |
|---|---|---|---|---|

**ORIGINAL**

RETURN DATE: JANUARY 15, 2008    :    **SUPERIOR COURT**

ELIZABETH SHEEHAN    :    **JUDICIAL DISTRICT OF WATERBURY**

v.    :

GC SERVICES LIMITED PARTNERSHIP-    :
DELAWARE

    :    **DECEMBER 3, 2007**

## COMPLAINT

### FIRST COUNT – FAIR DEBT COLLECTION PRACTICES ACT

1. Plaintiff, Elizabeth Sheehan, is a consumer residing in Waterbury, Connecticut.

2. Defendant, GC Services Limited Partnership - Delaware ("GC"), is a Delaware limited partnership and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

3. On November 12, 2007, GC called Plaintiff in an attempt to collect a debt.

4. Mr. Ford, the GC representative, failed to identify the company he was calling from.

5. Mr. Ford told Plaintiff she had 48 hours to pay the debt or GC would have a marshal serve her with papers at her home or work location.

6. Mr. Ford told Plaintiff she had 48 hours to pay the debt or GC would garnish her entire paycheck.

7. Mr. Ford told Plaintiff this debt would appear on her credit report for twenty years.

8. Mr. Ford told Plaintiff she would be charged over $10,000 for court and attorney's fees.

9. Mr. Ford told Plaintiff this call was her last chance.

10. Plaintiff was so distraught from Mr. Ford's statements she slept for only one hour that night. She consequently did not go to work the following day.

11. When Plaintiff called work to state she would not be in, she was given a verbal warning that her absence would be noted on her record and could lead to her termination.

12. Plaintiff was paid hourly, and as a consequence of missing a day of work, lost a days worth of wages.

13. Plaintiff was so scared, threatened and anxious about Mr. Ford's conversation that she refused to pick up her phone the following day for fear that Mr. Ford could be the caller.

14. Plaintiff was so afraid that a marshal would appear at her place of employment at anytime that she feared returning to work.

15. GC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(10), by grossly exaggerating:

    a. The length of time the debt would be reported on Plaintiff's consumer credit report;

    b. The amount of court and attorney's fees; and,

    c. The amount of Plaintiff's paycheck that would be subject to garnishment.

16. GC violated FDCPA § 1692e(5) by threatening to sue Plaintiff when such action was not lawful as a Consumer Collection Agency may not bring a lawsuit in the state of Connecticut.

17. GC violated FDCPA § 1692e by threatening to have a marshal appear at Plaintiff's home or place of employment in 48 hours.

18. GC violated FDCPA § 1692e(4) by threatening to garnish Plaintiff's wages when such action was not lawful in Connecticut.

19. GC violated FDCPA § 1692e(8) by threatening to report this debt to credit reporting bureaus for the next twenty years.

20. GC violated FDCPA § 1692f(1) by threatening to collect amounts not permitted by law when threatening:

a.   Court and attorney's fees in excess of $10,000 dollars; and,

b.   Garnishment of her entire paycheck.

21. GC violated FDCPA § 1692d(6) by failing to meaningfully disclose the callers identity.

22. GC violated FDCPA §1692g(b) by overshadowing Plaintiff's right to dispute the debt within thirty days as GC threatened to have a marshal serve papers in 48 hours.

23. For GC's unfair acts, Plaintiff seeks her damages, statutory damages, and attorney's fees and costs pursuant to the FDCPA.

## SECOND COUNT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1-14. Paragraphs 1-14 of the First Count are herein incorporated.

15. GC knew or reasonably should have known that its conduct would likely cause emotional distress to Plaintiff.

16. GC's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

17. GC's actions were willful, wanton and malicious, in that it intended to cause Plaintiff's distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

## THIRD COUNT – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1-14. Paragraphs 1-14 of the First Count are herein incorporated.

15. GC violated Connecticut's Unfair Trade Practices Act ("CUTPA") in its attempts to collect the debt as described above.

16. GC's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

17. The Plaintiff has sustained an ascertainable loss as a result of GC's acts.  Specifically, Plaintiff lost one days wages of $64 and received a verbal warning from her employer that could result in termination as a result of GC's abusive and unfair conduct.

18. Plaintiff also sustained emotional distress as described above as a result of GC's collection actions.

19. GC is liable to Plaintiff for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff claims:

1. Damages in an amount greater than $15,000;
2. Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k;
3. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;
4. Monetary damages pursuant to Conn. Gen. Stat. §42-110g;
5. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;
6. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and,
7. Such other relief as may apply at law or at equity.

PLAINTIFF, ELIZABETH SHEEHAN

By: _____

Daniel Blinn, Esq.
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067-9997
Tel (860) 571-0408
Fax (860) 571-7457
Juris No. 414047



ATTEST: A TRUE COPY

BRIAN FRANCIS ZITO
CONNECTICUT
STATE MARSHAL

3

B

ELIZABETH SHEEHAN

       Plaintiff

V.

GC SERVICES LIMITED PARTNERSHIP-DELAWARE

       Defendant

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. _____

January 4, 2008

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, on January 3, 2008, the defendant, GC Services Limited Partnership-Delaware ("Defendant"), through its undersigned counsel, filed in the United States District Court for the District of Connecticut, a Notice of Removal in the above-captioned matter. With this filing, this action now stands removed from the Superior Court for the Judicial District of Waterbury at Waterbury to the United States District Court for the District of Connecticut. A copy of the Notice of Removal is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE THAT a copy of the Notice of Removal is being filed with the Clerk of the Superior Court for the Judicial District of Waterbury at Waterbury.

Dated at Bridgeport, Connecticut this _____ day of January, 2008.

THE DEFENDANT,
GC SERVICES LIMITED PARTNERSHIP-
DELAWARE

By:_____
     Jonathan Elliot

     ZELDES, NEEDLE & COOPER, P.C.
     1000 Lafayette Boulevard
     P.O. Box 1740
     Bridgeport, CT 06601-1740
     Tel:  (203) 333-9441
     Fax: (203) 333-1489
     Juris No. 69695
     Email:  jelliot@znclaw.com

Its Attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via U.S. Mail first-class mail, postage prepaid, on this date, to:

Daniel S. Blinn, Esq.
Consumer Law Group
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067

Dated at Bridgeport, Connecticut on this _4th_ day of January, 2008.

_____
Jonathan D. Elliot